# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
### AT LONDON

| | |
|---|---|
| **CENTRE FIREARMS CO., INC.,** | |
| **Plaintiff,** | **C.A. No. 6:25-cv-210-REW-HAI** |
| **v.** | **JURY TRIAL DEMANDED** |
| **OTTER CREEK LABS, LLC,** | |
| **Defendant.** | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Otter Creek Labs, LLC ("Otter"), by and through its undersigned counsel, hereby responds to the Complaint (Doc. 1) of Plaintiff, Centre Firearms Co., Inc., d/b/a Centre Support Services ("Centre").  Each of the enumerated paragraphs below corresponds to the same-numbered paragraphs in the Complaint. Otter denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below.  Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts.  Otter denies that Plaintiff is entitled to the relief requested or any other relief. Otter responds to the Complaint as follows:

## RESPONSE TO PLAINTIFF'S PREAMBLE

To the extent a response is required to Plaintiff's non-enumerated introduction ("Preamble"), Defendant admits that Plaintiff's Complaint purports to state a claim for patent infringement.  Otter denies any alleged acts of infringement. Moreover, Plaintiff's Preamble is a narrative comprised of legal conclusions as well as personal interpretations and characterizations of, and inferences drawn

from, an alleged written communication which is neither identified with specificity nor attached to the Complaint; none of the foregoing therefore requiring a response, and all are otherwise denied. Otter admits that Centre invited Otter to engage in "business discussions" conditioned on Otter's agreement to an oppressive non-disclosure agreement the terms of which Centre repeatedly refused to negotiate and which Otter, therefore, refused to sign.

## SUMMARY OF THE DISPUTE

1.  Admitted that the Asserted Patents are directed to a noise suppression device for a firearm. Otherwise, denied. Otter specifically denies that it has infringed or currently infringes any of the Asserted Patents.

2.  Admitted that Otter produces, offers for sale and sells Otter Creek brand noise suppression devices for firearms, but Otter denies the remaining allegations in Plaintiff's like-numbered paragraph. Otter specifically denies that any of its products infringe any claim of the Asserted Patents.

3.  Admitted that the subject action seeks injunctive and monetary relief for purported willful infringement of Plaintiff's purported intellectual property rights. Otter denies that Plaintiff is entitled to injunctive or monetary relief, or that Otter has infringed any intellectual property right of Plaintiff, willfully or otherwise.

## THE PARTIES

4.  Admitted.

5.  Denied that Otter's products and/or services infringe any valid and enforceable patent rights of Plaintiff. Otherwise, admitted.

## JURISDICTION

6.  Admitted that Plaintiff purports to state a claim for patent infringement under the

2

patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. and that this Court has original federal question jurisdiction over the subject matter of actions for patent infringement. Otter denies any alleged acts of infringement.

7.      Otter admits that it is organized and a resident in this Judicial District, and conducts business in this Judicial District.  Otter denies that it has committed acts of patent infringement, directly or indirectly, in this Judicial District or in any other Judicial District.  The remainder of Plaintiff's like-numbered paragraph consists of legal conclusions for which no response is required, but Otter does not contest personal jurisdiction in this District for this Action.  Otter denies any remaining allegations in Plaintiff's like-numbered paragraph.

8.      Plaintiff's like-numbered paragraph states a legal conclusion for which no response is required, but Otter does not contest venue in this District for this Action.  Otter denies that it has committed acts of patent infringement in this Judicial District or in any other Judicial District.

## BACKGROUND

### Background Regarding Centre Firearms

9.      Without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Plaintiff's like-numbered paragraph, therefore denied.

10.      Without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Plaintiff's like-numbered paragraph, therefore denied.

### Suppression Devices for Firearms

11.      Admitted with the exception of the last sentence which is denied as stated.

### Centre Firearms' Approach to Suppression Devices for Firearms

12.      Admitted except to the extent Plaintiff's like-numbered paragraph alleges or implies that Plaintiff invented monolithic noise suppression devices or otherwise advanced the then-current

3

state of the art in noise suppression for firearms, which said allegations are specifically denied.

13.    Admitted that on March 15, 2013, Centre Firearms filed a patent application with the United States Patent and Trademark Office ("PTO") for suppression devices for firearms.  As to the remaining allegations of Plaintiff's like-numbered paragraph, Otter is without sufficient knowledge or information to form a belief as to the truth thereof, and on that basis denies such allegations.

14.    Without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Plaintiff's like-numbered paragraph, and on that basis denies such allegations.

15.    Without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Plaintiff's like-numbered paragraph, and on that basis denies such allegations.

16.    Without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Plaintiff's like-numbered paragraph, and on that basis denies such allegations.

## THE ASSERTED CENTRE FIREARMS PATENTS

17.    It is admitted that the '466 Patent; the '979 Patent; and the '959 Patent each relate to noise suppression devices for firearms. The claims of these patents, if valid and enforceable, speak for themselves, and any interpretation of the scope thereof is a legal conclusion to which no response is required.  Otter is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Plaintiff's like-numbered paragraph, and on that basis denies such allegations.

18.    Claim 1 of the '466 Patent, if valid and enforceable, speaks for itself, and any interpretation of the scope thereof is a legal conclusion to which no response is required. Otter admits that Plaintiff's like-numbered paragraph appears to include Claim 1 of the '466 Patent.

19.    Claim 1 of the '979 Patent, if valid and enforceable, speaks for itself, and any interpretation of the scope thereof is a legal conclusion to which no response is required. Otter admits

4

that Plaintiff's like-numbered paragraph appears to include Claim 1 of the '979 Patent.

20.    Claim 1 of the '959 Patent, if valid and enforceable, speaks for itself, and any interpretation of the scope thereof is a legal conclusion to which no response is required. Otter admits that Plaintiff's like-numbered paragraph appears to include Claim 1 of the '959 Patent.

21.    Otter admits that the face of the '466 Patent identifies "CENTRE FIREARMS CO, INC., New York, NY (US)" as Assignee and that it was issued on October 18, 2016, and that Exhibit 1 of Plaintiff's Complaint appears to be a true and correct copy of the '466 Patent.  As to the remaining allegations of Plaintiff's like-numbered paragraph, Otter is without sufficient knowledge or information to form a belief as to the truth thereof, and on that basis denies such allegations.

22.    Otter admits that the face of the '979 Patent identifies "CENTRE FIREARMS CO, INC., Ridgewood, NY (US)" as Assignee and that it was issued on October 3, 2017, and that Exhibit 2 of Plaintiff's Complaint appears to be a true and correct copy of the '979 Patent.  As to the remaining allegations of Plaintiff's like-numbered paragraph, Otter is without sufficient knowledge or information to form a belief as to the truth thereof, and on that basis denies such allegations.

23.    Otter admits that the face of the '959 Patent identifies "CENTRE FIREARMS CO, INC., Ridgewood, NY (US)" as Assignee and that it was issued on May 29, 2018, and that Exhibit 3 of Plaintiff's Complaint appears to be a true and correct copy of the '959 Patent.  As to the remaining allegations of Plaintiff's like-numbered paragraph, Otter is without sufficient knowledge or information to form a belief as to the truth thereof, and on that basis denies such allegations.

**RESPONSE TO ALLEGATIONS REGARDING
"OTTER CREEK'S INFRINGING PRODUCTS"**

24.    Admitted.

25.    Admitted.

26.    Plaintiff's like-numbered paragraph is a conclusion of law to which no response is

required. To the extent a response is required, Otter denies that its Infinity suppressor infringes any valid and enforceable claim of any of the Asserted Patents.

27.    Admitted.

### RESPONSE TO ALLEGATIONS REGARDING "OTTER CREEK'S WILLFUL INFRINGEMENT"

28.    Without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Plaintiff's like-numbered paragraph, and on that basis denies such allegations.

29.    Admitted that Centre sent Otter the letter dated March 5, 2025 attached to Plaintiff's Complaint as Exhibit 4.  The letter speaks for itself, and Plaintiff's editorial description of its contents is denied to the extent not specifically recited within its four corners.

30.    Admitted that Centre sent Otter the letter dated March 29, 2025 attached to Plaintiff's Complaint as Exhibit 5.  The letter speaks for itself, and Plaintiff's editorial description of its contents is denied to the extent not specifically recited within its four corners.

31.    Admitted that Exhibit 6 attached to Plaintiff's Complaint appears to be an email from CFC-Ryder Washburn to Sales@ottercreeklabs.com and that Exhibit 7 is a document entitled, "MUTUAL NON-DISCLOSURE AGREEMENT". These exhibits speak for themselves, and Plaintiff's editorial description of their contents is denied to the extent not specifically recited within its their four corners. As to the remaining allegations of Plaintiff's like-numbered paragraph, Otter is without sufficient knowledge or information to form a belief as to the truth thereof, and on that basis denies such allegations.

32.    Without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Plaintiff's like-numbered paragraph, and on that basis denies such allegations.

33.    Admitted that Exhibit 8 attached to Plaintiff's Complaint appears to be an email from "Fitzpatrick, Anthony J." to "'sales@ottercreeklabs.com'" dated July 15, 2025.  The exhibit speaks

for itself, and Plaintiff's editorial description of its contents is denied to the extent not specifically recited within its four corners. As to the remaining allegations of Plaintiff's like-numbered paragraph, Otter is currently without sufficient knowledge or information to form a belief as to the truth thereof, and on that basis denies such allegations.

34.    Without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Plaintiff's like-numbered paragraph, and on that basis denies such allegations.

35.    Admitted that Centre sent Otter the letter dated July 30, 2025 attached to Plaintiff's Complaint as Exhibit 9 and that the attachment is a document entitled, "MUTUAL NON-DISCLOSURE AGREEMENT".  The letter and attachment speak for themselves, and Plaintiff's editorial description of their contents is denied to the extent not specifically recited within their four corners.

36.    Admitted that Centre's counsel sent Otter the letter dated August 21, 2025 attached to Plaintiff's Complaint as Exhibit 10.  It is denied that Otter did not respond to the letter.  As to the Instagram post referenced in Plaintiff's like-numbered paragraph, only the full post speaks for itself, and Plaintiff's editorial description of its contents is without proper context and is denied to the extent not specifically recited within its four corners.

37.    Plaintiff's like-numbered paragraph, first sentence, states a legal conclusion for which no response is required. To the extent this sentence may be construed to include a statement of fact, Otter denies that it has infringed Centre's patents, willfully, deliberately, or otherwise.  Otter's Instagram posts referenced in Plaintiff's like-numbered paragraph speak for themselves.

38.    Otter admits that it makes, has made, offers to sell and sells noise suppression devices for firearms but specifically denies that any such noise suppression devices for firearms infringe Centre Firearms' Asserted Patents.

**COUNT I – INFRINGEMENT OF THE '466 PATENT**

39.    Otter hereby realleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 38 of this Answer as though fully set forth herein.

40.    Plaintiff's like-numbered paragraph alleges conclusions of law to which no response is required.  To the extent a response is required, Otter denies any infringement of any valid and enforceable claim of the '466 Patent, directly or otherwise.

41.    Otter denies that the document attached as Exhibit 11 to the Complaint demonstrates infringement of any claim of the '466 Patent as said Exhibit consists of commentary, beliefs, and conclusions regarding Plaintiff's own infringement analysis and the nature of Otter's product, and therefore requires no response.  To the extent a response is required, Otter denies the remainder of allegations of Plaintiff's like-numbered paragraph and Exhibit 11.  Otter further denies that it has infringed or currently infringes any valid and enforceable claim of the '466 Patent.

42.    Plaintiff's like-numbered paragraph alleges conclusions of law to which no response is required.  To the extent a response is required, it is specifically denied that Otter induced others to infringe any of the Asserted Patents.

43.    Plaintiff's like-numbered paragraph is vague and ambiguous because the phrase "to use the '466 Patent" has no clear meaning and said allegation is therefore denied.  It is admitted that Otter has not received any license or permission from Plaintiff that relates to the '466 Patent.

44.    Denied.

45.    Denied.

46.    Denied.

**COUNT II – INFRINGEMENT OF THE '979 PATENT**

47.    Otter hereby realleges and incorporates by reference its responses to the allegations

8

contained in paragraphs 1 through 46 of this Answer as though fully set forth herein.

48.     Plaintiff's like-numbered paragraph alleges conclusions of law to which no response is required.  To the extent a response is required, Otter denies any infringement of any valid and enforceable claim of the '979 Patent, directly or otherwise.

49.     Otter denies that the document attached as Exhibit 12 to the Complaint demonstrates infringement of any claim of the '979 Patent as said Exhibit consists of commentary, beliefs, and conclusions regarding Plaintiff's own infringement analysis and the nature of Otter's product, and therefore requires no response.  To the extent a response is required, Otter denies the remainder of allegations of Plaintiff's like-numbered paragraph and Exhibit 12.  Otter further denies that it has infringed or currently infringes any valid and enforceable claim of the '979 Patent.

50.     Plaintiff's like-numbered paragraph alleges conclusions of law to which no response is required.  To the extent a response is required, it is specifically denied that Otter induced others to infringe any of the Asserted Patents.

51.     Plaintiff's like-numbered paragraph is vague and ambiguous because the phrase "to use the '979 Patent" has no clear meaning and said allegation is therefore denied.  It is admitted that Otter has not received any license or permission from Plaintiff that relates to the '979 Patent.

52.     Denied.

53.     Denied.

54.     Denied.

### COUNT III – INFRINGEMENT OF THE '959 PATENT

55.     Otter hereby realleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 54 of this Answer as though fully set forth herein.

56.     Plaintiff's like-numbered paragraph alleges conclusions of law to which no response

is required.  To the extent a response is required, Otter denies any infringement of any valid and enforceable claim of the '959 Patent, directly or otherwise.

57.     Otter denies that the document attached as Exhibit 13 to the Complaint demonstrates infringement of any claim of the '959 Patent, as said Exhibit consists of commentary, beliefs, and conclusions regarding Plaintiff's own infringement analysis and the nature of Otter's product, and therefore requires no response.  To the extent a response is required, Otter denies the remainder of allegations of Plaintiff's like-numbered paragraph and Exhibit 13.  Otter further denies that it has infringed or currently infringes any valid and enforceable claim of the '959 Patent.

58.     Plaintiff's like-numbered paragraph alleges conclusions of law to which no response is required.  To the extent a response is required, it is specifically denied that Otter induced others to infringe any of the Asserted Patents.

59.     Plaintiff's like-numbered paragraph is vague and ambiguous because the phrase "to use the '959 Patent" has no clear meaning and said allegation is therefore denied.  It is admitted that Otter has not received any license or permission from Plaintiff that relates to the '959 Patent.

60.     Denied.

61.     Denied.

62.     Denied.

**RESPONSE TO "PRAYER FOR RELIEF"**

Denied that Plaintiff is entitled to any of the relief requested in its Prayer for Relief.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Otter hereby respectfully requests a trial by jury of all issues so triable.

## <u>AFFIRMATIVE AND OTHER DEFENSES</u>

Otter presently asserts the following affirmative and other defenses to the Complaint.  Otter does not concede that it bears the burden of proof or persuasion on any of these defenses.  Otter reserves the right to assert additional defenses in the event that discovery or further investigation demonstrates that any such defense is appropriate or applicable.  Headings are included for convenience only and do not limit Otter's defenses.

### FIRST DEFENSE
### (Failure to State a Cause of Action)

1.    The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (Non-Infringement)

2.    Defendant has not infringed, willfully or otherwise, directly or indirectly, any valid and enforceable claim of any of the '466 Patent.

3.    Defendant has not infringed, willfully or otherwise, directly or indirectly, any valid and enforceable claim of any of the '979 Patent.

4.    Defendant has not infringed, willfully or otherwise, directly or indirectly, any valid and enforceable claim of any of the '959 Patent.

### THIRD DEFENSE
### (Invalidity)

5.    One or more claims of the '466 Patent are invalid for failure to comply with the statutory requirements for valid patents, namely Title 35 of the United States Code, including but not limited to §§ 102, 103, and 112.

6.    One or more claims of the '979 patent are invalid for failure to comply with the statutory requirements for valid patents, namely Title 35 of the United States Code, including but not limited to §§ 102, 103, and 112.

11

7.    One or more claims of the '959 patent are invalid for failure to comply with the statutory requirements for valid patents, namely Title 35 of the United States Code, including but not limited to §§ 102, 103, and 112

## FOURTH DEFENSE
**(Prosecution History Estoppel and/or Prosecution Disclaimer)**

8.    Centre's claims are barred in whole or in part by the doctrines of prosecution history estoppel and/or prosecution disclaimer because of admissions, amendments, arguments, or statements made to the United States Patent and Trademark Office during the prosecution of the applications leading to, or related to, the issuance of the '466 Patent.

9.    Centre's claims are barred in whole or in part by the doctrines of prosecution history estoppel and/or prosecution disclaimer because of admissions, amendments, arguments, or statements made to the United States Patent and Trademark Office during the prosecution of the applications leading to, or related to, the issuance of the '979 Patent.

10.    Centre's claims are barred in whole or in part by the doctrines of prosecution history estoppel and/or prosecution disclaimer because of admissions, amendments, arguments, or statements made to the United States Patent and Trademark Office during the prosecution of the applications leading to, or related to, the issuance of the '959 Patent.

## FIFTH DEFENSE
**(Laches, Equitable Estoppel, Promissory Estoppel, Waiver, Ratification, and Unclean Hands)**

11.    Plaintiff's claims are barred by the equitable doctrines of laches, equitable estoppel, promissory estoppel, waiver, ratification, and unclean hands.

## SIXTH DEFENSE
**(Failure to Mark or Provide Notice)**

12.    Centre is not entitled to damages because it is barred, in whole or in part, for failure to comply with the marking and notice requirements of 35 U.S.C. § 287, where despite Otter's repeated

12

requests, Centre failed and refused to provide Otter with actual or constructive notice that a specific claim or claims of the '466 Patent, the '979 Patent, or the '959 Patent cover the Accused Product prior to filing the Complaint in this action.

## SEVENTH DEFENSE
### (Injunctive Relief Unavailable)

13.     Centre is not entitled to an injunction, including but not limited to for the reason that Centre has an adequate remedy at law for any alleged infringement, and as such there is no basis for equitable relief.

## EIGHTH DEFENSE
### (Failure to Disclaim)

14.     Centre can recover no costs for failure to disclaim each invalid claim in the '466 Patent, the '979 Patent, and the '959 Patent with the U.S. Patent and Trademark Office prior to commencement of this suit, as required by 35 U.S.C. § 288.

## PRAYER FOR RELIEF

WHEREFORE, Otter respectfully prays the Court grant the following relief:

(1) That Centre take nothing by its suit;

(2) That judgment be entered in favor of Otter;

(3) That the '466 Patent be declared not infringed, invalid and/or unenforceable;

(4) That the '979 Patent be declared not infringed, invalid and/or unenforceable;

(5) That the '959 Patent be declared not infringed, invalid and/or unenforceable;

(6) That the Court find this to be an exceptional case;

(7) That Otter be awarded its costs of suit, including reasonable attorneys' fees under 35 U.S.C. § 285 and/or to the extent permissible by law; and

(8) That Otter be awarded such other and further relief as the Court may deem just and proper.

13

Respectfully submitted,

Dated:  January 23, 2026

Respectfully submitted,

/s/*Douglas Wm. Massinger*
Douglas Wm. Massinger, Esq.
Florida Bar No.: 855391
*pro hac vice*
Robert L. Wolter, Esq.
Florida Bar No.: 906344
*pro hac vice*
Jefferson C. Deery, Esq.
Florida Bar No.: 1059334
*pro hac vice*

**WOLTER VAN DYKE DAVIS, PLLC**
1900 Summit Tower Blvd.
Suite 140
Orlando, FL 32810
(352) 351-0351 (Ph)
(352) 351-0359 (Fx)
Email: dmassinger@savvyiplaw.com
Email: rwolter@savvyiplaw.com
Email: jdeery@savvyiplaw.com

and

William L. Montague, Jr.
**MONTAGUE LAW PLLC**
P.O. Box 21945
Lexington, KY 40522
(859) 423-1100
will.montague@wmlex.com

*Attorneys for Defendant*
*Otter Creek Labs, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above has been filed through the

Court's CM ECF electronic filing system this 23rd day of January, 2026 which will send notice by

14

electronic mail to: Clayton O. Oswald, Esquire (coswald@tkolegal.com), Taylor, Keller & Oswald,

PLLC, 1306 W. 5th Street, Suite 100, P.O. Box 3440, London, KY 40743-3440.

/s/*Douglas Wm. Massinger*
Attorney