UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION**
**LONDON**

| | | |
|---|---|---|
| CENTRE FIREARMS CO., INC., | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 6:25-cv-00210-REW-HAI |
| v. | § § | **JURY TRIAL DEMANDED** |
| OTTER CREEK LABS, LLC, | § § | |
| Defendant. | § § § § | |

## STIPULATED PROTECTIVE ORDER

Plaintiff Centre Firearms Co., Inc. ("Plaintiff") and Defendant Otter Creek Labs, LLC ("Defendant"), each being referred to herein as a "party," recognize that this patent infringement action will require the exchange of confidential, proprietary, and/or trade secret information relevant to the subject matter of the above-captioned action (the "Action"), including but not limited to, proprietary technical specifications, unpublished product designs, and confidential financial profit data. Recognizing that the public disclosure of this information would cause a clearly defined and serious competitive injury, and that such information would otherwise be subject to discovery, the parties have agreed to hereby petition the Court for entry of this Stipulated Protective Order (the "Order") governing the disclosure and discovery of such information.

Upon review of this petition for entry of the following Order, the Court has determined that the petition is well taken and should be **GRANTED, IN PART. Modifications made by the Court are set forth below in bold, with explanation as necessary in brackets following such modifications.**

Accordingly, to expedite the flow of discovery material, to facilitate the prompt resolution of

1

disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby **ORDERED THAT**:

<u>**INFORMATION SUBJECT TO THIS ORDER**</u>

1.      Each party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the party or a third party to whom the party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Information"). Protected Information shall be designated by a party producing it by affixing a legend or stamp on such document, information, or material as follows: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Both of the identified categories of information shall be identified collectively in this Order by the title "Protected Information." The appropriate designation shall be placed clearly on each page of the Protected Information (except deposition and hearing transcripts and natively produced documents) for which such protection is sought. For deposition and hearing transcripts, the appropriate designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript is designated as containing Protected Information. For natively produced Protected Information, the appropriate designation shall be placed in the file name of each such natively produced document.

2.      For purposes of this Order, "CONFIDENTIAL" information or items shall mean

2

all information, tangible things, material, documents, or electronically stored information that is produced or disclosed, either through the formal discovery process or informally, to a party (the "Receiving Party"); which a party, and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order (the "Producing Party"), in good faith reasonably believes constitutes or contains trade secrets or other confidential research, development, manufacturing, or commercial information, including unpublished marketing information, that qualifies for protection under Federal Rule of Civil Procedure 26(c), whether embodied in physical objects, documents, or the factual knowledge of persons, the disclosure of which would cause a clearly defined and serious harm to that party, or the disclosure of which would contravene an obligation of confidentiality to a third party or to a Court; and which has been so designated by the Producing Party. Notwithstanding the foregoing, published patents, published prior art, and publicly available marketing or sales materials shall not be designated as CONFIDENTIAL.

3.      For purposes of this Order, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items shall be limited to that subset of CONFIDENTIAL information or items which a Producing Party in good faith reasonably believes constitutes or contains: (1) highly sensitive information limited to trade secrets (including proprietary manufacturing processes and unpublished technical specifications), unpublished patent applications, source code, and unpublished financial metrics or business strategies (including unpublished or projected future sales data), the disclosure of which to another party or third-party would create a clearly defined and serious harm that could not be avoided by less restrictive means; or (2) sensitive information of third parties, including but not limited to, licensing agreements that include highly sensitive

3

information of a third party, the disclosure of which would create a clearly defined and serious harm to that third party, or the disclosure of which would contravene an obligation of confidentiality to a third party or to a Court, and which has been so designated by the Producing Party. Notwithstanding the foregoing, patents, published prior art, publicly available marketing or sales materials, and general commercial information shall not be designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

4.      The following information does not qualify as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information (collectively, "Protected Material") within the meaning of this Order:

    a.      any information that at the time of disclosure in this Action to the Receiving Party is in the public domain;

    b.      any information that, after its disclosure in the Action to the Receiving Party, becomes part of the public domain as a result of publication not involving a violation of this Order or breach of an obligation of confidentiality to the producing or Receiving Party;

    c.      any information known to the Receiving Party prior to disclosure during the Action which had been previously obtained independently from any party or from a third party under no obligation of confidentiality; and

    d.      any information obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

5.      All information produced in this litigation designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY (pursuant to Paragraphs 6-13 below)

4

shall be used solely in connection with and for purposes of the Action and shall not be used for any business purpose, in connection with any other legal proceeding other than those identified, directly or indirectly, for any other purpose whatsoever. When the Action has been terminated, a Receiving Party must comply with the provisions of Paragraph 46 below. Any use of such information that is outside of this strict scope of use shall be a violation of this Order. This Order specifically contemplates and acknowledges the potential for the existence of information understood to be confidential and exchanged between the parties prior to the Action. Such information may be properly designated as Protected Information as to all parties.

## DESIGNATION OF INFORMATION AS
## CONFIDENTIAL OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

6.        The Producing Party's designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY means that such party believes in good faith, upon reasonable inquiry, that the information qualifies as such. Each party or third party that designates information or items for protection under this Order (the "Designating Party") must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5

7.     Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly designated before the material is disclosed or produced.

8.     Any document or electronically stored information (excluding transcripts of depositions or other pretrial or trial proceedings) containing or including any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information may be designated as such by the Producing Party by marking it as, or with a coversheet corresponding thereto if a document or electronically stored information is produced in native electronic format, CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY prior to or at the time production is made to the Receiving Party.

9.     A party or third-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. After the inspecting party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend (CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY) to each page that contains material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

10.     Information produced in some form other than documentary and any other tangible items shall be designated by affixing in a prominent place on the exterior of the container or

containers in which the information or item is stored the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

11.     All CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information not reduced to documentary, tangible, or physical form, or which cannot be conveniently designated as set forth in Paragraphs 8-10, shall be designated by promptly informing the Receiving Party of the designation in writing. To the extent the Receiving Party subsequently generates copies of this information, whether electronic or hard copy, it shall mark such copies with the appropriate confidentiality designations. When documents are produced in electronic form, the Producing Party shall include a confidentiality designation on the medium containing the documents.

12.     If CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material is to be filed with the Court, the party seeking to file the material with the Court must file a motion to file the document(s) under seal in compliance with L.R. 5.6.  **[The requirements and operation of the Local Rule are clear and, in the Court's experience, sufficient to address the procedural steps needed to address potential sealing. "Provisional" motions are not permitted.  The additional proposals in the proposed Protective Order improperly address the effect of the Court's future rulings without a sufficiently detailed and specific record, which can only be presented in the future, to do so. Such matters will be addressed at the appropriate time in connection with any ruling on a motion to seal.]**

a.     Nothing in this Paragraph prevents a party from filing or disclosing in the public record its own documents, information, or materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

13.     A person who has designated information as CONFIDENTIAL or HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY may withdraw the designation by: (a) written notification to all parties in the Action; and (b) reproducing the information with a different or no designation.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

14.     The parties shall use reasonable care when designating documents or information CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. The acceptance by a party of documents or information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall not constitute an agreement, admission, or concession, or permit an inference, that the materials are in fact properly subject to protection under Federal Rule of Civil Procedure 26(c) or on any other basis. Nothing in this Order shall be construed to prevent any party from objecting to any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation as outside the scope of this Order or of Federal Rule of Civil Procedure 26(c).

15.     A party shall not be obliged to challenge the propriety of a designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

16.     If after receiving information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, a Receiving Party believes that such information does not meet the requirements for such designation, the Receiving Party shall notify the Producing Party in writing and request that the designation be removed. The Receiving Party

shall identify on a document by document basis (or relevant groups of documents) the reason it believes such information does not meet the requirements for the confidentiality designation and shall supply the rationale for the claim that the documents should be re-designated. Within fourteen (14) calendar days after receipt of such notice, the parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient). The Receiving Party shall seek to reach agreement with the Producing Party to re-designate the information and give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

17.     **Following these steps, the parties SHALL follow the procedure set forth in paragraph 5 at Docket Entry 4. [The undersigned will not pre-authorize the filing of any motion in contravention of the steps required by Judge Wier.]** The documents at issue shall be treated in accordance with the designation the Producing Party has applied until the Court rules on the disputed issue. Frivolous challenges or designations may expose the offending party to sanctions.

## PERSONS QUALIFIED TO RECEIVE CONFIDENTIAL OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION

18.     Information or items designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, including confidential portions of filings made under seal with such material, may be inspected by and disclosed only to the following persons and only for the purpose of conducting the Action unless otherwise ordered by the Court or permitted in writing by the Designating Party:

a.      the Court and its employees;

b.      any person who authored or received a document containing the information in the ordinary course of business or other person who otherwise personally possessed or

personally knows the information (or a corporate representative, for example a Fed. R. Civ. P. 30(b)(6) designee of the Producing Party);

c.    outside counsel of record for the parties and their employees, including supporting personnel assigned to and necessary to assist counsel in the preparation and trial of the Action, such as paralegals, secretaries, clerks, other non-lawyer personnel, document copying or scanning services, third-party contract document reviewers, and data entry or data processing staff;

d.    outside expert witnesses or consultants with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of the Action for the preparation or trial thereof, and their respective secretarial, clerical, and supporting personnel to whom disclosure is reasonably necessary for the Action and subject to the conditions set forth in Paragraphs 20 and 21;

e.    third-party court reporting services (*e.g.*, stenographers and videographers and their respective staff) who record or transcribe any proceedings in the Action, translators, interpreters, and outside vendors such as duplicating, document handling and/or imaging services as part of discovery or preparation for trial of the Action, (1) who have been retained by a party or its counsel to provide litigation support services with respect to the Action and (2) to whom disclosure is reasonably necessary for the Action, and subject to the conditions set forth in Paragraphs 20 and 21;

f.    persons who have been retained by the Receiving Party or its counsel specifically to consult with regard to jury- or trial-related matters, including the composition of the jury in these matters (collectively referred to as "Trial Consultants"), and persons regularly employed by them, to the extent necessary when working under the supervision of such a Trial Consultant in connection with these matters, to

10

whom disclosure is reasonably necessary for the Action and subject to the conditions set forth in Paragraphs 20 and 21;

g.      persons who have been retained by the Receiving Party or its counsel of record specifically to prepare demonstrative or other exhibits for deposition, trial, or other court proceedings in these matters (collectively referred to as "Graphic Designers"), and persons regularly employed by them, to the extent necessary when working under the supervision of such a Graphic Designer in connection with these matters, to whom disclosure is reasonably necessary for the Action and subject to the conditions set forth in Paragraphs 20 and 21; and

h.      any other persons upon such terms and conditions as the parties may agree or as the Court may order.

19.     In addition to the categories of persons allowed to see HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information in Paragraphs 18(a)-(h) above, persons allowed to see CONFIDENTIAL information shall also include three (3) designated in-house representatives of each party who have signed an undertaking pursuant to Paragraph 21 and delivered the signed undertaking to an opposing party.

20.     Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may be disclosed only to the persons as described in Paragraphs 18 and 19 and under the conditions described in this Order.[1] Any person who makes any disclosure

---

[1] In the event a non-party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Attachment A. In the event such attorney declines to sign the "Acknowledgment and Agreement to Be Bound" prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

in confidence under this Order of CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY documents, responses, testimony, or filings made under seal, shall advise each person to whom such disclosure is made of this Order. The persons described in Paragraphs 18 and 19 above **SHALL NOT disclose** CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY documents and information to any other person except in conformance with this Order. Designated material must be stored and maintained by Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Designated material shall only be copied or otherwise reproduced by a Receiving Party for use consistent with the terms of this Order. To the extent the Receiving Party wants to copy or otherwise reproduce material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY to show it to someone who is not permitted access under this Order, the Receiving Party shall not do so without prior written consent of the Producing Party or by further order of the Court.

21.     Before materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may be disclosed to persons identified in Paragraph 18(d), the outside expert witness or consultant to whom the disclosure is to be made shall first complete and sign the undertaking attached hereto as Attachment A stating that he or she has read and understands this Order and agrees to be bound by its terms. A copy of the completed and signed undertaking by persons identified in Paragraph 18(d) shall be sent via email to opposing counsel of record. The outside expert witness or consultant's secretarial, clerical, and supporting personnel need not complete and sign a separate undertaking. Before materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may be disclosed to persons identified in Paragraphs 18(e)-(g), the person to whom the disclosure is to be made shall first complete and sign the undertaking attached hereto as Attachment A stating that he or she has read

12

and understands this Order and agrees to be bound by its terms. Before materials designated CONFIDENTIAL may be disclosed to persons identified in Paragraph 19, the designated in-house representative to whom the disclosure is to be made shall first complete and sign the undertaking attached hereto as Attachment A stating that he or she has read and understands this Order and agrees to be bound by its terms.

22.   Ten (10) business days' written notice must be given to the Designating Party before materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may be disclosed to persons identified in Paragraph 18(d). The notice shall include (i) identification of the expert witness or consultant; (ii) a copy of the current curriculum vitae for that expert witness or consultant, including their employer(s) for at least the last four (4) years and the city and state of his or her primary residence; (iii) a list of current and past consulting relationships undertaken within the last four (4) years (including an identification of each entity consulted, dates of the beginning and end of the consultancy, and any litigation matters in which the consultant or expert has testified by way of expert report, deposition, or testimony at hearing or trial), but excluding legal consulting roles, the existence of which are protected from disclosure under the attorney work-product doctrine; and (iv) a completed and signed undertaking, attached hereto as Attachment A. Any objection to the disclosure of Protected Information to a party's designated expert or consultant shall be lodged in accordance with the procedures set forth in Paragraph 26 below.

23.   Ten (10) business days' written notice must be given to the Designating Party before materials designated CONFIDENTIAL may be disclosed to persons identified in Paragraph 19. The notice shall include (i) the identity of the designated in-house representative; (ii) their current job title and a reasonably detailed description of their current job duties; and (iii) a completed and signed undertaking, attached hereto as Attachment A. Any objection to the

disclosure of Protected Information to a party's designated in-house representative shall be lodged in accordance with the procedures set forth in Paragraph 26 below.

24.     Nothing in this Order shall be construed to prevent disclosure of a party's own Protected Information to its own current or former employees, corporate representatives, experts, or consultants.

## OBJECTIONS TO DISCLOSURE OF INFORMATION DESIGNATED CONFIDENTIAL OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

25.     If an objection is made to disclosure of information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, the parties shall attempt to informally resolve the objection before the objecting party seeks relief from the Court. Any such objection must set forth in detail the grounds on which it is based.

26.     If the party proposing disclosure of information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY to persons set forth in Paragraph 18(d) receives an objection to such disclosure during the ten-business-day notice period under Paragraph 22, there shall be no disclosure to the proposed expert or consultant until the objection is resolved. If the party proposing disclosure of information designated CONFIDENTIAL to persons set forth in Paragraph 19 receives an objection to such disclosure during the ten-business-day notice period under Paragraph 23, there shall be no disclosure to the proposed in-house representative until the objection is resolved.  **The parties SHALL follow the procedure set forth in paragraph 5 at Docket Entry 4. [The undersigned will not pre-authorize the filing of any motion in contravention of the steps required by Judge Wier.]**

27.     In any such proceeding, the party opposing disclosure to the expert or consultant or to the in-house representative shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its expert or consultant or to its in-house representative.

14

28.    No CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall be disclosed to such person until the matter has been ruled upon by the Court or otherwise resolved.

29.    A party who has not previously objected to disclosure of material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY to an expert or consultant or to an in-house representative or whose objection has been resolved with respect to previously produced material shall not be precluded from raising an objection to an expert or consultant or to an in-house representative at a later time with respect to material that is produced after the time for objecting to such expert or consultant or to such in-house representative has expired or if new information about that expert or consultant or that in-house representative is disclosed or discovered. Any such objection shall be handled in accordance with the provisions set forth above.

## INADVERTENT DISCLOSURE

30.    The inadvertent failure to designate Protected Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY prior to or at the time of disclosure shall not operate as a waiver of the Producing Party's right subsequently to designate said information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. In the event that such protected information is designated after disclosure, the Producing Party shall notify the Receiving Party in writing of the missing, or improper, designation promptly upon learning of the error. The Producing Party shall further provide properly marked replacement documents or other tangible items to the Receiving Party within fourteen (14) calendar days after such notice. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

31.    All parties have an obligation to inform all other parties immediately upon their

discovery that a Producing Party has inadvertently disclosed information protected by the attorney-client privilege, the work-product immunity, or any other privilege or immunity from discovery. Upon discovery by any party of such inadvertent disclosure, the Producing Party shall promptly notify or confirm to the Receiving Party, in writing, of the inadvertent production, and request that the document(s) or item(s) be returned or destroyed. If that request is made, thereafter no party to the Action shall assert that the inadvertent disclosure waived any privilege or immunity, nor the inadvertent production itself as support for waiver. A party may nonetheless seek the production of the inadvertently produced information on grounds other than as a result of the Producing Party's inadvertent production in this Action. The Receiving Party shall return or destroy any inadvertently produced document(s) or item(s), and all copies and derivations thereof, within five (5) business days of the earliest of: (a) discovery by the Receiving Party of the inadvertent nature of the production, or (b) Receiving Party receiving a written request for the return or destruction of the information. The Receiving Party shall not use the inadvertently produced document(s) or item(s), or any copy or derivation thereof, after the earliest of: (a) discovery by the Receiving Party of the inadvertent nature of the production, or (b) Receiving Party receiving a written request for the return or destruction of the information. The Receiving Party shall confirm in writing that the inadvertently produced documents or other tangible items were destroyed or return them to the Producing Party. Such inadvertently produced documents, copies, or derivations thereof shall not be used for any purpose. In the event the Producing Party's claim of attorney-client privilege, the work-product immunity, or any other privilege or immunity from discovery is resolved against the Producing Party, the Producing Party shall reproduce the documents and/or items accordingly. The party requesting the return of such inadvertently produced documents must produce or supplement its privilege log within fourteen (14) business days of the request for return to the extent required to maintain a privilege log.

32.     Inadvertent production of documents or information ("documents" in this Paragraph) subject to attorney-client privilege, work-product immunity, or any other applicable privilege or immunity shall not constitute a waiver of, nor a prejudice to, any claim that such material is privileged or immune, provided that the Designating Party notifies the Receiving Party promptly after discovery of such inadvertent production. Such inadvertently produced documents, and all copies thereof, shall promptly be returned to the Designating Party or destroyed upon request, in accordance with the procedure set forth in Paragraph 31. No demonstration or proof of error, inadvertence, excusable neglect, or absence of negligence shall be required of the Designating Party in order for such party to avail itself of the provisions of this Paragraph or the preceding Paragraph; however, nothing in this Order permits the parties to engage in wholesale productions of electronic documents which disclosing counsel has intentionally failed to review for privilege and potential relevance prior to disclosure, and no party shall use the provisions of this Order to effect cost-shifting of its document productions to any other party.

33.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Attachment A.

34.     If a Receiving Party or person authorized to access material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY ("Authorized Recipient") discovers any loss of such material or a breach of security, including any actual or

suspected unauthorized access, relating to another party's designated material, the Receiving Party or Authorized Recipient shall: (1) promptly stop the unauthorized breach; (2) promptly (within 72 hours) provide written notice to the Designating Party of such breach, including information regarding the size and scope of the breach; and (3) investigate and make reasonable efforts to remediate the effects of the breach. In any event, the Receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate any unauthorized access.

35.     Nothing in this section shall limit the right of any party to move the Court for an *in camera* review of allegedly privileged information.

### THIRD PARTIES AND ADDITIONAL PARTIES

36.     It is expressly contemplated, agreed, and ordered that third parties, including witnesses, who provide discovery in the Action may invoke all provisions of this Order as to that discovery, and that the parties to this Order will treat all material designated by such third parties as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in accordance with the terms of this Order. A third party's use of this Order to protect its Protected Information does not entitle that third party access to Protected Information produced by any party in this Action. Nothing in these provisions should be construed as prohibiting a third party from seeking additional protections.

37.     In the event that one or more parties are added or substituted into this Action by any means including consolidation with another case, this Order shall be binding on and shall inure to the benefit of such new parties, subject to the right of such new parties (other than a subsidiary of a party who is already bound by this Order) to seek relief from or modification of this Order. The parties who join or are added or substituted into this Action shall not have access to Protected Information until the newly joined party or its counsel has executed, and filed with the Court, its agreement to be bound by this Order.

38.     In the event that a party is required, by a valid discovery request, to produce a third party's Protected Information in its possession, and the party is subject to an agreement with the third party not to produce the third party's Protected Information, then the party shall:

a.      promptly notify in writing the requesting party and the third party that some or all of the information requested is subject to a confidentiality agreement with a third party;

b.      promptly provide the third party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

c.      make the information requested available for inspection by the third party.

39.     If the third party fails to object or seek a protective order from this Court within fourteen (14) calendar days of receiving the notice and accompanying information, the Receiving Party may produce the third party's Protected Information responsive to the discovery request. If the third party timely objects or seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the third party before a determination by the Court.[2] Absent a Court order or agreement of the parties (including the third party) to the contrary, the third party shall bear the burden and expense of seeking protection in this court of its material.

## OTHER PROCEEDINGS

40.     By entering this Order and limiting the disclosure of information in the Action, this Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated CONFIDENTIAL or

---

[2] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a non-party and to afford the non-party an opportunity to protect its confidentiality interests in this Court.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

41.     For the avoidance of doubt, any person or party served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in another litigation that compels disclosure of any information or items designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to this Order shall notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed. Such party shall further:

a.     promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

b.     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose material may be affected.[3]

42.     If the Designating Party timely[4] seeks a protective order, the party served with the subpoena or court order shall not produce any information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to this Order before a determination by the court from which the subpoena or order issued, unless the party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Information, and nothing in these provisions should

---

[3] The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this Action an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

[4] The Designating Party shall have at least fourteen (14) calendar days from the service of the notification to seek a protective order.

be construed as authorizing or encouraging a Receiving Party in the Action to disobey a lawful directive from another court.

43.    Cross-Use of Discovery in Parallel Litigation. Nothing in this Order shall preclude a Receiving Party from issuing formal discovery requests in the related action currently pending between the parties in the United States District Court for the Eastern District of New York, *Centre Firearms Co, Inc. d/b/a Centre Support Services v. Otter Creek Labs, LLC*, C.A. No. 1:25-cv-06418 (the "EDNY Action"), seeking the production of Protected Information already produced in this Action. The Producing Party agrees not to object to such requests in the EDNY Action on the grounds that the requests are duplicative or that the documents have already been produced in this Action. Any documents produced in the EDNY Action pursuant to this mechanism shall be governed exclusively by the Protective Order entered in the EDNY Action, and such production and subsequent use shall not constitute a violation of this Order.

**DURATION**

44.    Even after final disposition of the Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims, defenses, and counterclaims in the Action, with or without prejudice; or (2) entry of a final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**MISCELLANEOUS PROVISIONS**

45.    This Order has no effect upon, and its scope shall not extend to, any party's use of its own Protected Information.

46.    Nothing herein shall be construed to affect or limit in any way the admissibility of

21

any document, testimony, or other evidence at trial. By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Order. The identification or agreed upon treatment of certain types of disclosures and discovery material does not reflect agreement by the parties that the disclosure of such categories of disclosure and discovery material is required or appropriate in the Action. The parties reserve the right to argue that any particular category of disclosure and discovery material should not be produced.

47.     Unless otherwise ordered or agreed to in writing by the Producing Party, within ninety (90) days after the final termination of the Action by settlement or exhaustion of all appeals, all parties in receipt of Protected Information shall use reasonable efforts to either return such materials and copies thereof to the Producing Party or destroy such Protected Information and certify that fact in writing. The Receiving Party's reasonable efforts shall not require the return or destruction of Protected Information from (i) disaster recovery or business continuity backups, (ii) data stored in back-end databases critical to application operability and system-generated temporary folders, (iii) archived data with limited end-user accessibility, or (iv) material that is subject to legal hold obligations or commingled with other such material. Backup storage media will not be restored for purposes of returning or certifying destruction of all CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY materials, but such retained information shall continue to be treated in accordance with the Order and destroyed in due course. Counsel for the parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), legal memoranda, expert reports, communications, and attorney work product that contain or refer to Protected Information, provided that such counsel and employees of such counsel shall not

22

disclose such Protected Information to any person, except pursuant to court order. Nothing shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

48.     The United States District Court for the Eastern District of Kentucky is responsible for the interpretation and enforcement of this Order. All obligations and duties arising under this Order shall survive the final disposition of the Action except with respect to material that becomes a matter of public record. This Court shall retain jurisdiction indefinitely with respect to any dispute regarding the improper use of designated Protected Information, to modify the terms of this Order, or to enter further orders respecting confidentiality, as may be necessary. All disputes concerning material produced under the protection of this Order shall be resolved by the United States District Court for the Eastern District of Kentucky.

49.     No part of the restrictions imposed by this Order may be waived or terminated, except by the written stipulation executed by counsel of record for each party, or by an order of the Court for good cause shown. The restrictions provided herein shall not terminate upon the conclusion of the Action but shall continue until further order of this Court.

50.     Any person in possession of material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall take reasonable measures to safeguard the confidentiality of the material. Such measures may include, for example and as appropriate, use of a secure transfer method for transfers or communication of designated material, password protection, or encryption of designated material.

51.     The entry of this Order does not prevent any party from seeking a further order of this Court pursuant to Federal Rule of Civil Procedure 26(c). Nothing in this Order abridges the right of any person to seek its modification by agreement with other parties or by applying to the Court if such agreement cannot be reached. Furthermore, without application to the Court, any

party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

**52.    The Court may modify any provision of this Order based upon adequate cause.**

**53.    The parties' CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY designation is only preliminary and such designation should not be construed as a judicial determination that any particular item is, in fact, protected from disclosure in the event of a challenge.**

**54.    Non-parties may seek permission to intervene under the Federal Rules of Civil Procedure to challenge the terms or operation of this Order.**

**The Court enters this Order on a non-dispositive pretrial matter pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a).  Any objection to this Order SHALL be asserted in accordance with Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  *See United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).**

This the 17th day of April, 2026.

Signed By:

*Hanly A. Ingram*

United States Magistrate Judge

**IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:**


Dated: April 9, 2026

/s/ Clayton O. Oswald
Clayton O. Oswald, Esq.
**TAYLOR, KELLER & OSWALD, PLLC**
1306 W. 5th St, Suite 100
London, KY 40743-3440
Tel.: (606) 878-8844
coswald@tkolegal.com

Brian D. Siff, Esq.
(admitted *pro hac vice*)
**DUANE MORRIS LLP**
22 Vanderbilt
335 Madison Avenue, 22nd Floor
New York, NY 10017-4669
Tel.: (212) 692-1000
bdsiff@duanemorris.com

Poornarchita H. Dwarakanath, Esq.
(admitted *pro hac vice*)
**DUANE MORRIS LLP**
100 High Street, Suite 2400
Boston, MA 02110-1724
Tel.: (857) 488-4200
pdwarakanath@duanemorris.com

*Counsel for Plaintiff Centre Firearms Co., Inc.*

/s/ Douglas Wm. Massinger
Douglas Wm. Massinger, Esq.
(admitted *pro hac vice*)
Robert L. Wolter, Esq.
(admitted *pro hac vice*)
Jefferson C. Deery, Esq.
(admitted *pro hac vice*)
**WOLTER VAN DYKE DAVIS, PLLC**
1900 Summit Tower Blvd., Suite 140
Orlando, FL 32810
Tel.: (352) 351-0351
dmassinger@savvyiplaw.com
rwolter@savvyiplaw.com
jdeery@savvyiplaw.com

William L. Montague, Jr.
**MONTAGUE LAW PLLC**
110 W. Vine Street, Suite 300
Lexington, KY 40507
Tel.: (859) 423-1100
will.montague@wmlex.com

*Counsel for Defendant*
*Otter Creek Labs, LLC*

25