IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| CENTRE FIREARMS CO., INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| | § | Civil Action No. 6:25-cv-00210-REW-HAI |
| OTTER CREEK LABS, LLC, | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendant. | § | |

## JOINT STIPULATION TO PERMIT AMENDMENT OF THE COMPLAINT AND MOTION TO AMEND THE SCHEDULING ORDER

Plaintiff Centre Firearms Co., Inc. ("Plaintiff") and Defendant Otter Creek Labs, LLC ("Defendant," and together with Plaintiff, the "Parties"), by and through their undersigned counsel, hereby stipulate to permit Plaintiff to amend its Complaint to add two additional accused products and move the Court to modify the Scheduling Order accordingly. In support thereof, the Parties stipulate and state as follows:

1.      On November 20, 2025, Plaintiff filed its Complaint in the above-captioned action, accusing Defendant's "Infinity" model suppressor[1] of infringing U.S. Patent Nos. 9,470,466 (the "'466 Patent"); 9,777,979 (the "'979 Patent"); and 9,982,959 (the "'959 Patent) (collectively, the "Asserted Patents"). *See* D.I. 1 ¶¶ 24-27.

2.      After the Complaint was filed, Defendant released the "Milkman"[2] and "Universe-36"[3] model suppressors.

3.      Immediately upon learning of Defendant's sale of the Milkman and Universe-36

---

[1] *See* https://ottercreeklabs.com/product/infinity-7-62/.
[2] *See* https://ottercreeklabs.com/product/milkman/.
[3] *See* https://ottercreeklabs.com/product/universe-36/.

1

suppressors, Plaintiff obtained and examined samples and determined that they meet the limitations of the Asserted Patents.

4.      Plaintiff intends to amend its Complaint to formally add the Milkman and Universe-36 suppressors as "Accused Products."

5.      The Parties have not begun to meaningfully exchange discovery,[4] and fact discovery does not conclude until January 22, 2027. *See* D.I. 20 ¶ 4(a). The Parties have yet to exchange infringement contentions or invalidity contentions and are several months away from the claim construction process. *See e.g., id.* ¶¶ 3, 6. Under the current Scheduling Order (D.I. 20), the deadline for filing motions to amend or supplement pleadings is October 30, 2026. *See id.* ¶ 2.

6.      In an effort to promote judicial efficiency and economy, and to maintain the deadlines contemplated by the current case schedule (*see* D.I. 20) and the order setting a date for a hearing on claim construction (*see* D.I. 21), the Parties stipulate that Plaintiff shall be permitted to amend its Complaint to formally add the Milkman and Universe-36 suppressors as "Accused Products."

7.      Plaintiff shall file its First Amended Complaint on or before April 24, 2026, to formally add the Milkman and Universe-36 suppressors as "Accused Products." *See* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading . . . with the opposing party's written consent."); D.I. 20 ¶ 3(a) ("Absent a stipulation of the parties, Plaintiff may not add Accused Products . . . without leave of Court for good cause shown.").

8.      The Parties recognize that two new accused products will increase the discovery

---

[4] On March 20, 2026, Plaintiff served its First Set of Requests for Production (Nos. 1-71) ("Requests") and its First Set of Interrogatories (Nos. 1-14) ("Interrogatories") to Defendant. Pursuant to Fed. R. Civ. P. 26(a)(1)(D) and 33(b)(2), Defendant has until April 20, 2026, to respond to the Requests and Interrogatories. No documents have been produced yet in this case.

DM2\301881559.4

and briefing obligations, and thus agree on certain modifications to the Scheduling Order.

9.      The Parties request the Court to modify the Scheduling Order as follows[5]:

        a.      In Paragraph 4(c), increase the number of requests for admission permitted for each side, excluding requests for admission intended solely to authenticate documents or establish their admissibility as business records, from 50 to 60;

        b.      In Paragraph 4(d)(i), increase the maximum number of interrogatories, including contention interrogatories, that are permitted for each side from 25 to 35;

        c.      Strike Paragraph 8 as inconsistent with this Court's order setting a date and time for the hearing on claim construction (D.I. 21); and

        d.      Although the Parties recognize that the Court has not yet set deadlines for case dispositive motions or established the number of such motions that may be filed, the page limits for any such case dispositive motions that may be filed shall be increased from the page limits for motions set forth in Local Rule 7.1(d) (*i.e.*, 25 pages for each motion and response and 15 pages for each reply) to 30 pages for each motion and response and 17 pages for each reply.

10.     The Parties agree that all other deadlines and limitations shall remain the same, and that the provisions of the Scheduling Order (D.I. 20) shall otherwise remain and be enforceable.

11.     Because the Parties are in agreement, there is no undue prejudice to either Party.

12.     Additionally, the proposed modifications are modest and will serve the interests of efficiency. None of these proposed modifications have an impact on key deadlines, such as discovery deadlines, expert deadlines, or trial dates. The modifications will therefore not disrupt the case schedule in any meaningful way.

---

[5] A [Proposed] Order modifying the Scheduling Order is attached hereto as Exhibit A.

3

13.     Accordingly, good cause exists to modify the Scheduling Order. *See* Fed. R. Civ. P. 16 ("A schedule may be modified only for good cause and with the judge's consent."); D.I. 20 ¶ 15 ("Modification of this schedule is . . . disfavored and will only occur under the standards and mechanics of Rule 16 and/or Rule 6, as applicable.").

WHEREFORE, the Parties respectfully request that this Court modify the Scheduling Order (D.I. 20) as set forth in the [Proposed] Order attached as Exhibit A.

Dated: April 17, 2026

Respectfully submitted,

*/s/ Clayton O. Oswald*
Clayton O. Oswald
**TAYLOR, KELLER & OSWALD, PLLC**
1306 W. 5th St, Suite 100
London, KY 40743-3440
Tel.: (606) 878-8844
coswald@tkolegal.com

Brian D. Siff, Esq. (admitted *pro hac vice*)
**DUANE MORRIS LLP**
22 Vanderbilt
335 Madison Avenue, 22nd Floor
New York, NY 10017-4669
Tel.: (212) 692-1000
bdsiff@duanemorris.com

Poornarchita H. Dwarakanath, Esq.
(admitted *pro hac vice*)
**DUANE MORRIS LLP**
100 High Street, Suite 2400
Boston, MA 02110-1724
Tel.: (857) 488-4200
pdwarakanath@duanemorris.com

*Counsel for Plaintiff Centre Firearms Co., Inc.*

*/s/ Douglas Wm. Massinger*
Douglas Wm. Massinger, Esq.
(admitted *pro hac vice*)
Robert L. Wolter, Esq.
(admitted *pro hac vice*)
Jefferson C. Deery, Esq.
(admitted *pro hac vice*)
**WOLTER VAN DYKE DAVIS, PLLC**
1900 Summit Tower Blvd., Suite 140
Orlando, FL 32810
Tel.: (352) 351-0351
dmassinger@savvyiplaw.com
rwolter@savvyiplaw.com
jdeery@savvyiplaw.com

William L. Montague, Jr.
**MONTAGUE LAW PLLC**
110 W. Vine Street, Suite 300
Lexington, KY 40507
Tel.: (859) 423-1100
will.montague@wmlex.com

*Counsel for Defendant*
*Otter Creek Labs, LLC*

4

DM2\301881559.4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system) on April 17, 2026.

*/s/ Clayton O. Oswald*
Clayton O. Oswald, Esq.

5

DM2\301881559.4